UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LINDA SPOSATO,<br><br>                    Plaintiff,<br><br>        -against-<br><br>ROSALINA SERRANO; DAVID DOYAGA; BRIAN McCAFFREY; ANTHONY BRIGANDI; JUDGE LINDA JAMIESON,<br><br>                    Defendants. | 24-CV-8745 (LTS)<br><br>ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Linda Sposato filed a *pro se* complaint against four attorneys and a state court judge, arising out of a mortgage foreclosure on property located at 230 Hardscrabble Road in North Salem, Westchester County, New York. (ECF 1). By order dated November 25, 2024, the Court granted Plaintiff leave to proceed *in forma pauperis* ("IFP"). Plaintiff has now filed a motion for an "emergency tro injunction" and an unsigned order to show cause challenging an allegedly "fraudulent mortgage lien" and seeking to "[s]top the auction" of the property. (ECF 6, 7.) Attached to the motion are more than 80 pages of documents that relate to this property, including submissions from proceedings in the New York State Supreme Court, Westchester County and the United States Bankruptcy Court for the Southern District of New York. (ECF 6, Exhibits A – F.)

To obtain injunctive relief, Plaintiff must show: (1) that she is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of her case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d

543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

Plaintiff's submissions do not demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. Accordingly, Plaintiff's request for an order to show cause (ECF 6) is denied. The Court will issue an explanatory order at a later date.

## CONCLUSION

Plaintiff's request for an order to show cause (ECF 6) is denied, and the Clerk of Court is directed to terminate the motion.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

Dated:  January 6, 2025
        New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge