UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LINDA SPOSATO,

            Plaintiff,

-against-

ROSALINA SERRANO; DAVID DOYAGA;
BRIAN McCAFFREY; ANTHONY
BRIGANDI; JUDGE LINDA JAMIESON,

            Defendants.

24-CV-8745 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

---

LOUIS L. STANTON, United States District Judge:

    Plaintiff, who is proceeding *pro se*, brings this action asserting claims arising under state law. By order dated November 19, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the following reasons, the Court dismisses the complaint, with 30 days' leave to replead.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

Plaintiff Linda Sposato, who resides in North Salem, New York, filed this action seeking relief in connection with a Westchester County foreclosure matter. Named as Defendants are Rosalina Serrano, David Doyaga, Brian Mccaffrey, and Anthony Brigandi, who appear to be private attorneys located in New York; and Justice Linda Jamieson of the New York State Supreme Court, Westchester County. (ECF 1.)

Plaintiff alleges that she[1]

> Hired attorneys to correct an improper foreclosure on the wrong Section Block lot number and fraudulent documents filed with the Supreme Court in White Plains. Attorneys hired came to my house with their real estate brokers. The attorneys failed to file that the foreclosure documents were filed incorrectly. Judicial record filed 12/23/2014 stated that the lien be disposed, lis pending filed 9/25/2014 and refiled be disposed of record 3/6/2014 by court order to vacate this foreclosure.

(*Id.* ¶ III.)

In August 2018, Justice Jamieson stated that the matter pending before her in the Westchester County Supreme Court under Index Number 5567/2014 was

> a procedural mess . . . lack of knowledge that a closed bank in 2008 could not file a lien in 2012. No attorney called Stewart Title Company. I contacted Stewart Title July 2024. Howard Kleinman stated that Stewart Title Company never filed the lien 11/8/2012 or the fraudulent assignment by MERS as assignee and assignor with a fraudulent notary stamp.

(*Id.*)

In an attachment to the complaint, Plaintiff asserts claims of breach of contract, breach of fiduciary duty, negligence, and legal malpractice. (*Id.* at 8-21.) Plaintiff asks that this Court "remove the liens, stop the auction," and order payment of "10 million dollars for lost business and 5 million" for her son's anxiety, heart surgery, and "emotional stress." (*Id.* ¶ IV.)

---

[1] The Court quotes the letter verbatim. All spelling, punctuation, and grammar are as in the original.

2

On January 6, 2025, Plaintiff submitted an "EMERGENCY Temporary Restraining Order INJUNCTION," and an unsigned Order to Show Cause "as to why 100 MILLION DOLLAR CIVIL LAWSUIT FOR JUDICIAL WRONGFUL FORECLOSURE BREACH OF CONTRACT AND THIS CLAIM IS ALSO FOR ATTORNEYS ASSETS." (ECF 6, 7.) By order dated January 7, 2025, the Court denied Plaintiff's request for injunctive relief. (ECF 8.) Plaintiff has subsequently filed multiple motions seeking various forms of emergency injunctive relief. (ECF 10-21.) She has also moved for issuance of summonses. (ECF 22, 23.)

## DISCUSSION

A.  **Subject matter jurisdiction**

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court has jurisdiction only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

1. **Federal question jurisdiction**

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

The claims asserted in Plaintiff's complaint – negligence, legal malpractice, breach of contract, and breach of fiduciary duty, arise under state law. There are no facts in the complaint suggesting that Plaintiff can, or seeks to, assert any claims arising under federal law.[2]

2. **Diversity of citizenship jurisdiction**

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction over this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the

---

[2] The Court further notes that the relief Plaintiff seeks would require this Court's intervention in, or oversight of, a state-court matter. Plaintiff is alerted that even if the Court had jurisdiction of this matter, abstention doctrines preclude this Court, under most circumstances, from such intervention in state-court proceedings. If Plaintiff is challenging final state-court judgments, the *Rooker-Feldman* doctrine likely preclude those claims. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). And if this action requires this Court's intervention in ongoing state-court litigation, the *Younger* abstention doctrine, as well as the Anti-Injunction Act, may preclude those claims. *See* 28 U.S.C. § 2283; *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013).

claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Plaintiff indicates in the complaint that she and Defendants reside in New York, precluding complete diversity of citizenship.

**B.      Motions for emergency injunctive relief**

On January 7, 2025, the Court denied Plaintiff's motion for emergency injunctive relief because her submissions did not show that the Court had subject matter jurisdiction of this matter. *See Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (holding that preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.") (internal quotation marks and citation omitted). (ECF 8.) Plaintiff has subsequently renewed her request for various forms of emergency injunctive relief. (ECF 10-21.) She has also moved for issuance of summonses. (ECF 22, 23.) Because Plaintiff's complaint does not establish that this Court has subject matter jurisdiction of this matter, her requests for injunctive relief and for issuance of summonses are denied without prejudice. Plaintiff may renew these requests once she files an amended complaint that establishes this Court's subject matter jurisdiction of this action.

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v.*

*USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). In an abundance of caution, and in light of Plaintiff's *pro se* status, the Court grants Plaintiff 30 days' leave to amend her complaint, should she wish to do so, to allege facts showing that the Court has subject matter jurisdiction of this matter.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3). The Court denies without prejudice all the pending motions, and the Clerk of Court is directed to terminate the open motions. (ECF 10, 13, 16, 17.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   May 21, 2025
         New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.