UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LINDA SPOSATO,

                Plaintiff,

        -against-

ROSALINA SERRANO, ET AL.,

                Defendants.

24-CV-8745 (LLS)

ORDER

---

LOUIS L. STANTON, United States District Judge:

      Plaintiff filed this complaint *pro se* and *in forma pauperis* ("IFP"), in connection with a Westchester County foreclosure matter. (ECF 1.) After filing the complaint, Plaintiff submitted multiple motions seeking various forms of emergency injunctive relief and issuance of summonses. (ECF 10-23.) By order dated May 21, 2025, the Court dismissed the complaint for lack of subject matter jurisdiction, denied the motions without prejudice, and granted Plaintiff 30 days' leave to replead her claims in an amended complaint. (ECF 24.) In that order, the Court directed the Clerk of Court "to hold this matter open on the docket until a civil judgment is entered." (*Id.* at 6.) On June 18, 2025, instead of filing an amended complaint, Plaintiff filed a letter and a motion to "Vacate Prior Order, Amended Complaint And Reinstate Case." (ECF 25-26.) On July 1, 2025, Plaintiff filed a letter styled as a "Supplemental Notice and Request for Oversight and Jurisdiction Clarification." (ECF 27.) In that filing, Plaintiff informs the Court that she filed a complaint with the United States Department of Justice, Office of Civil Rights, and further states her intention to "clarify" the basis for this Court's jurisdiction. (*Id.*) On July 2, 2025, Plaintiff submitted a letter informing the Court that she moved for a stay in a pending matter in the Bankruptcy Court. (ECF 28.) For the reasons set forth below, the Court denies the motion filed on June 18, 2025.

First, the Court dismissed the original complaint for lack of subject matter jurisdiction, and Plaintiff provides no grounds for revisiting that determination. Second, the Court granted Plaintiff leave to replead her claims, and directed the clerk's office to keep the matter open. Thus, this case remains pending, and reinstatement is not necessary. Third, the Court already granted Plaintiff leave to file an amended complaint, but she failed to do so.

The Court grants Plaintiff an extension of time to comply with the May 21, 2025 order. Plaintiff is directed to file an amended complaint within 30 days from the date of this order, to allege facts showing that the Court has subject matter jurisdiction of this matter. If Plaintiff does not file an amended complaint within the time allowed, or if she files an amended complaint that does not contain facts suggesting that the Court has subject matter jurisdiction, the Court will direct the Clerk of Court to enter judgment in this action. The Court cannot grant Plaintiff any relief until its jurisdiction is established.

## CONCLUSION

Plaintiff is directed to file an amended complaint within 30 days from the date of this order, consistent with the May 21, 2025 order, to allege facts showing that the Court has subject matter jurisdiction of this matter. If Plaintiff does not file an amended complaint within the time allowed, or if the amended complaint does not remedy the deficiencies identified in the original pleading, the Court will direct the Clerk of Court to enter judgment in this action.

The Court denies the pending motion for the reasons set forth in this order, and the Clerk of Court is directed to terminate it. (ECF 26.)

SO ORDERED.

Dated: July 9, 2025
New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.