UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LINDA SPOSATO,

             Plaintiff,

-against-

ROSALINA SERRANO; BRIAN McCAFFREY; JUDGE LINDA JAMIESON; CAPITAL ONE, N.A.; WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST; SELENE FINANCE, LP; STEWART TITLE INSURANCE COMPANY; MERIDIAN ASSET SERVICES INC.; WEB TITLE AGENCY LLC; DAVIDSON FINK LLP; SHERWOOD & TRUITT LLP; KNUCKLES KOMOSINSKI & MANFRO LLP; WOODS OVIATT GILMAN LLP; HOGAN LOVELLS US LLP; HON. SEAN H. LANE,

             Defendants.

24-CV-8745 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

      Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed this action alleging that Defendants violated her federally protected rights. By order dated May 21, 2025, the Court directed Plaintiff to amend her complaint to address deficiencies in her original pleading. Plaintiff filed an amended complaint on July 25, 2025, and the Court has reviewed it. (ECF 30.) The action is dismissed for the reasons set forth below.

## BACKGROUND

      Plaintiff Linda Sposato, who resides in North Salem, New York, filed this action on November 14, 2024, seeking $10 million in damages, in connection with a Westchester County foreclosure matter. In the original complaint, Plaintiff named as Defendants four private attorneys in New York, Rosalina Serrano, David Doyaga, Brian McCaffrey, and Anthony Brigandi, and Justice Linda Jamieson of the New York State Supreme Court, Westchester County. (ECF 1.) Plaintiff alleged that Defendants engaged in fraud and other misconduct in the

state-court foreclosure matter, and she also asserted claims of breach of contract, breach of fiduciary duty, negligence, and legal malpractice.

On January 6, 2025, Plaintiff submitted a motion for preliminary injunctive relief and an unsigned order to show cause challenging the allegedly "fraudulent mortgage lien" and seeking a temporary restraining order to "[s]top the auction" of the property.[1] (ECF 6, 7.) By order dated January 7, 2025, Chief Judge Swain denied that motion on the ground that Plaintiff had not made the requisite showing to obtain such relief. (ECF 8.) Thereafter, Plaintiff filed multiple documents in which she renewed her request for emergency injunctive relief, in addition to seeking other relief in the state-court foreclosure proceeding. (ECF 9-23.) This action was then reassigned to the undersigned.

By order dated May 21, 2025, this Court dismissed the complaint, with leave to replead, for lack of subject matter jurisdiction, because: (1) the complaint contained no allegations suggesting any claims arising under the Court's federal question jurisdiction, 28 U.S.C. § 1331; and (2) with respect to the state law claims, Plaintiff alleged that both she and Defendants were citizens of New York, defeating complete diversity of citizenship, 28 U.S.C. § 1332.[2] (ECF 24.) Because the Court determined that it lacked subject matter jurisdiction of the claims, the Court denied Plaintiff's motions for injunctive and other relief. (*Id.* at 5.)

---

[1] The Court quotes from Plaintiff's submissions verbatim. All spelling, grammar, and punctuation are as in the originals unless noted otherwise.

[2] The Court also noted that, insofar as Plaintiff is challenging final state-court judgments, the *Rooker-Feldman* doctrine likely preclude those claims, *see Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005), and, if this action requires this Court's intervention in ongoing state-court litigation, the *Younger* abstention doctrine, as well as the Anti-Injunction Act, may preclude those claims. *See* 28 U.S.C. § 2283; *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013).

Plaintiff thereafter filed letters and a motion to "VACATE PRIOR ORDER, AMENDED COMPLAINT AND REINSTATE CASE." (ECF 25-28.) By order dated July 10, 2025, the Court denied the motions.

> First, the Court dismissed the original complaint for lack of subject matter jurisdiction, and Plaintiff provides no grounds for revisiting that determination. Second, the Court granted Plaintiff leave to replead her claims, and directed the clerk's office to keep the matter open. Thus, this case remains pending, and reinstatement is not necessary. Third, the Court already granted Plaintiff leave to file an amended complaint, but she failed to do so.

(ECF 29 at 2.)

The Court *sua sponte* granted Plaintiff a 30-day extension of time to file an amended complaint showing that the Court has subject matter jurisdiction of her claims. (*Id.*)

Plaintiff filed an amended complaint on July 25, 2025. (ECF 30.) Plaintiff again names private attorneys Rosalina Serrano and Brian McCaffrey, and Judge Linda Jamieson, but she does not name David Doyaga or Anthony Brigandi. Added as Defendants are Capital One, N.A.; Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust; Selene Finance, LP; Stewart Title Insurance Company; Meridian Asset Services Inc.; Web Title Agency LLC; Davidson Fink LLP; Sherwood & Truitt LLP; Knuckles Komosinski & Manfro LLP; Woods Oviatt Gilman LLP; Hogan Lovells US LLP; and Hon. Sean H. Lane, who sits in the Southern District of New York Bankruptcy Court.

Plaintiff summarizes what Defendants allegedly did in the underlying foreclosure matter, and in her bankruptcy matter in this district, that she claims were fraudulent, unlawful or otherwise improper:

> Stewart Title filed a lien on 11/8/2012 (Control No. 522573030) with no deed, note, or funding.
>
> - The mortgage was notarized by disbarred attorney Christopher A. Bangs (Matter of Bangs, 25 A.D.3d 54, 2005 NY

3

    - Capital One (Plano, TX) filed a $1,050,000 lien on 4/5/2013 using Control No. 530933335.

    - Capital One (McLean, VA) reassigned the lien to Wilmington on 4/29/2017 during active Chapter 7 bankruptcy.

    - Wilmington's OCC charter did not exist until September 3, 2021.

    - Davidson Fink LLP requested Stewart Title funds in 2012 without a valid mortgage.

    - Davidson Fink filed foreclosure in 2014 with no valid documents.

    - Stewart Title's 2019 letter confirmed no mortgage existed and closed their file.

    - Brian McCaffrey failed to disclose the 2025 Stewart Title disavowal letter.

    - Meridian Asset Services submitted fraudulent assignments while unlicensed.

    - Woods Oviatt, Sherwood & Truitt, and Knuckles Komosinski filed forged assignments.

    - Hogan Lovells US LLP filed a $200,000 CIT lien post-discharge.

    - Rosalina Serrano filed a $200,000 Indymac lien 10 years late under a stayed bankruptcy.

    - Judges Jamieson and Lane issued rulings despite confirmed document fraud and missing credentials.

(*Id.* at 1.)

Plaintiff asserts constitutional claims under 42 U.S.C. § 1983; she also asserts claims under the civil RICO statute, 18 U.S.C. § 1962; the Bankruptcy Code, 11 U.S.C. §§ 105, 362, and 524; state and federal criminal statutes, 18 U.S.C. §§ 241, 242, 514, 1001, 1341, 1343, § 514 and New York Penal Law § 175.35; and violations of state law, including New York State Real Property Law § 266. Plaintiff has also filed multiple new "emergency motions" for a temporary restraining order and an "EMERGENCY MOTION TO VACATE FRAUDULENT ORDERS, CANCEL AUCTION, AND COMPEL FEDERAL OVERSIGHT," to "halt auction and vacate void judgments" (ECF 32-44.) In a cover letter, Plaintiff also seeks "removal of all fraudulent

4

liens"; "vacatur" of "all orders"; $109 million in "restitution"; and "correction of [her] credit records." (ECF 39.) In other recent filings, Plaintiff seeks an order from this Court "to vacate all state court orders premised on fraud upon the court," (ECF 40 at 1), and she also seeks this Court's "emergency judicial review and oversight . . . in light of coordinated fraud upon the court at both the New York State Supreme Court (Westchester) and the U.S. Bankruptcy Court (SDNY)." (ECF 44 at 1.)

## DISCUSSION

### A.    Claims under Section 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

#### 1.    Claims against private entities and parties

A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). As Defendants Rosalina Serrano, Brian McCaffrey, Capital One, N.A., Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust, Selene Finance, LP, Stewart Title Insurance Company, Meridian Asset Services Inc., Web Title Agency LLC, Davidson Fink LLP, Sherwood & Truitt LLP, Knuckles Komosinski & Manfro LLP, Woods Oviatt Gilman LLP, and Hogan Lovells US LLP are private attorneys, individuals, and entities not alleged to work for any state

5

or other government body, Plaintiff has not stated a claim against these defendants under Section 1983. The Court therefore dismisses Plaintiff's Section 1983 claims against them for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### 2. Judge Jamieson and Judge Lane

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

Judicial immunity does not apply when a judge takes action "outside" his or her judicial capacity, or when a judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles*, 502 U.S. at 9-10; *see also Bliven*, 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

Moreover, 42 U.S.C. § 1983, as amended in 1996, provides that, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Where an appeal is available, declaratory relief is available. *See, e.g.*, *Davis v. Campbell*, No. 13-CV-0693, 2014 WL 234722, at *9 (N.D.N.Y. Jan. 22, 2014) ("[D]eclaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order.").

Finally, where a plaintiff seeks injunctive relief, the plaintiff must seek to remedy a harm that is prospective. *See, e.g.*, *Brik v. Brodie*, No. 23-CV-4330, 2023 WL 4373557, at *1 (E.D.N.Y. July 6, 2023) (dismissing plaintiff's claims for injunctive relief against the judge in part because plaintiff "does not seek to remedy a harm that is truly prospective, [and plaintiff] does show any entitlement to declaratory relief" based on the judge's past conduct).

Plaintiff has not alleged any facts showing that Judge Jamieson and Judge Lane acted beyond the scope of their judicial responsibilities or outside their jurisdiction. *See Mireles*, 509 U.S. at 11-12. Instead, Plaintiff challenges actions that each judge took in cases before them in which she was a party. Because Plaintiff sues judicial officers for "acts arising out of, or related to, individual cases before [them]," they are immune from suit for such claims. *Bliven*, 579 F.3d at 210. Moreover, Plaintiff alleges no facts suggesting that she seeks to remedy a harm that is prospective, or that a declaratory decree was violated, declaratory relief was unavailable, or that an appeal is unavailable.

Accordingly, the Court dismisses Plaintiff's claims against Judge Jamieson and Judge lane because she seek monetary relief against defendants who are immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the *in forma pauperis* statute].")

**B.    Claims under civil RICO and criminal statutes**

Plaintiff asserts claims under the civil provision of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and federal criminal laws. The civil provision of RICO, which "creates a private right of action for individuals to enforce the RICO statute." *Mathon v. Feldstein*, 303 F. Supp. 2d 317, 322 (E.D.N.Y. 2004). The civil RICO enforcement provision states that "[a]ny person injured in his business or property by reason of a violation of [18 U.S.C.

7

§ 1962] . . . may sue . . . in any appropriate United States district court and shall recover threefold the damages[.]" 18 U.S.C. § 1964(c). To state a violation of Section 1962, and thus, a claim under the civil RICO enforcement provision, a plaintiff must allege facts showing: "(1) that the defendant (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce." *Moss v. Morgan Stanley, Inc.*, 719 F.2d 5, 17 (2d Cir. 1983) (quoting § 1962(a)-(c)).

Plaintiff does not plausibly allege any facts suggesting that any of the defendants engaged in a criminal offense. She instead cites a slew of state and federal criminal statutes, and alleges in a conclusory manner that the defendants engaged in criminal conduct, without providing any specific facts showing that they engaged in two or more acts constituting a pattern of racketeering activity. The Court therefore dismisses Plaintiff's civil RICO claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

To the extent Plaintiff asserts that Defendants violated various state and federal criminal laws, she cannot initiate the arrest and prosecution of an individual in this Court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Nor can Plaintiff direct prosecuting attorneys or this court to initiate a criminal proceeding against any Defendant, because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, the Court dismisses any criminal claims Plaintiff seeks to assert for failure to state a claim. *See* 28 U.S.C § 1915(e)(2)(B)(ii).

### C. *Younger* Abstention

Plaintiff may be seeking this Court's intervention in ongoing state court proceedings, or its review of final state-court judgments. As the Court noted in its May 21, 2025 order, the *Younger* abstention doctrine cautions against enjoining or otherwise interfering in ongoing state proceedings. *See Sprint Comms., Inc. v. Jacobs*, 571 U.S 69, 77-78 (2013) (defining "*Younger's* scope"); *see generally Younger v. Harris*, 401 U.S. 37, 43-45 (1971). *Younger* abstention is appropriate in three categories of state court proceedings: (1) state criminal prosecutions; (2) civil enforcement proceedings that are "akin to criminal prosecutions"; and (3) civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint*, 571 U.S. at 72-73.

In *Sprint*, the United States Supreme Court held that, among other circumstances, the *Younger* abstention doctrine must be applied to federal court actions that would, in the absence of this doctrine, intervene in state court civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Id.* at 72-73. When a plaintiff "seek[s] injunctive relief relating to the same property that is the subject matter of the underlying state court action[,] [this] *Sprint* prong applies." *Abbatiello v. Wells Fargo Bank, N.A.*, No. 15-CV-4210, 2015 WL 5884797, at *4 (E.D.N.Y. Oct. 8, 2015); *see Clark v. Bloomberg*, No. 10-CV-1263, 2010 WL 1438803, at *2 (E.D.N.Y. Apr. 12, 2010) (stating *Younger* abstention doctrine precludes federal district court from staying pending state-court foreclosure and eviction proceedings because "both concern the disposition of real property and hence implicate important state interests, and there is no reason to doubt that the state proceedings provide [the plaintiff] with an adequate forum to make the arguments he seeks to raise in this court").

Insofar as Plaintiff is requesting that this Court intervene in her ongoing state court foreclosure proceedings, her request implicates the state's interest in enforcing the orders and judgments of its courts. *Younger* abstention therefore applies and bars the injunctive relief Plaintiff is seeking.

**D.     The *Rooker-Feldman* Doctrine**

To the extent that Plaintiff challenges the final outcome of her state court foreclosure proceedings, her claims are barred under the *Rooker-Feldman* doctrine. The doctrine – created by two Supreme Court cases, *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983) – precludes federal district courts from reviewing final judgments of the state courts. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that federal district courts are barred from deciding cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"). The *Rooker-Feldman* doctrine applies where the federal-court plaintiff: (1) lost in state court, (2) complains of injuries caused by the state-court judgment, (3) invites the district court to review and reject the state court judgment, and (4) commenced the district court proceedings after the state-court judgment was rendered. *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014).

To the extent Plaintiff is asking this Court to review or reject the holdings of the state court proceedings that she alleges have caused her injury, such claims are barred by the *Rooker-Feldman* doctrine.

E.  **State-law claims**

  1.  **Diversity of citizenship jurisdiction**

In the May 21, 2025 order, the Court dismissed Plaintiff's state-law claims with leave to replead because Plaintiff did not allege facts showing that the Court had diversity of citizenship jurisdiction of her claims. As explained in that order, to establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

In Plaintiff's amended complaint, and in her multiple subsequent filings, she has not shown that complete diversity of citizenship exists. The Court therefore dismisses any state-law claims Plaintiff is asserting without prejudice for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

  2.  **Supplemental jurisdiction**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which

11

district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

F.  **Further leave to amend is denied**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

Plaintiff's amended complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *See* Fed. R. Civ. P. 12(h)(3). All pending motions are denied, and the Clerk of Court is directed to terminate them. This matter is closed. The Court cannot grant Plaintiff any relief in connection with her claims.

The Court directs the Clerk of Court to enter judgment dismissing this case.

SO ORDERED.

Dated: September 11, 2025
       New York, New York

_____
Louis L. Stanton
U.S.D.J.