UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LINDA SPOSATO, <br><br> Plaintiff, <br><br> -against- <br><br> ROSALINA SERRANO; BRIAN McCAFFREY; JUDGE LINDA JAMIESON; CAPITAL ONE, N.A.; WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST; SELENE FINANCE, LP; STEWART TITLE INSURANCE COMPANY; MERIDIAN ASSET SERVICES INC.; WEB TITLE AGENCY LLC; DAVIDSON FINK LLP; SHERWOOD & TRUITT LLP; KNUCKLES KOMOSINSKI & MANFRO LLP; WOODS OVIATT GILMAN LLP; HOGAN LOVELLS US LLP; HON. SEAN H. LANE, <br><br> Defendants. | 24-CV-8745 (LLS) <br><br> ORDER |

LOUIS L. STANTON, United States District Judge:

Plaintiff filed this complaint *pro se* and *in forma pauperis* ("IFP"), in connection with a Westchester County foreclosure matter. (ECF 1.) By order dated May 21, 2025, the Court dismissed the complaint for lack of subject matter jurisdiction, and granted Plaintiff leave to replead her claims in an amended complaint. (ECF 24.) Plaintiff filed an amended complaint on July 25, 2025 (ECF 30).

By order dated September 12, 2025, the Court dismissed the amended complaint for failure to state a claim on which relief may be granted and on immunity grounds, 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Fed. R. Civ. P. 12(h)(3). (ECF 45.) The Court based its determination on the following: (1) Plaintiff could not assert claims under 42 U.S.C. § 1983 against the private defendants; (2) the two judges names as defendants are immune from suit; (3) the allegations in

the complaint did not give rise to plausible claims under the Racketeer Influenced and Corrupt Organizations Act statute; (4) Plaintiff cannot assert any independent claims under state or federal criminal laws; (5) the Court could not grant the relief Plaintiff sought arising out of either ongoing state-court matters, or final state-court judgments, in light of the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 43-45 (1971), and the the *Rooker-Feldman* doctrine; (6) the Court lacked diversity of citizenship jurisdiction to consider Plaintiff's state-law claims; and (7) because the Court lacked federal question jurisdiction it declined to exercise supplemental jurisdiction of any state-law claims. In the order's conclusion, the Court informed Plaintiff that this "matter is closed. The Court cannot grant Plaintiff any relief in connection with her claims."[1] (ECF 45 at 12.)

Plaintiff has now filed a motion to "halt" the auction of the property at issue in the foreclosure matter (ECF 47), and a motion seeking "federal intervention" as follows:

> (1) Vacate Bankruptcy Court Orders #84 and #85 as void;
> (2) Vacate all state court orders entered after April 8, 2025 obtained through fraud on the court;
> (3) Enjoin any foreclosure auction scheduled for September 25 and September 30, 2025;
> (4) Dismiss foreclosure proceedings with prejudice

(ECF 49 at 2.)

Plaintiff has also filed a notice of appeal and motion for leave to proceed IFP on appeal. (ECF 48.)

---

[1] Throughout the pendency of this matter, Plaintiff filed multiple motions seeking various forms of relief, including preliminary injunctions, temporary restraining orders, issuance of summonses, and motions seeking to "vacate" orders. (ECF 6-23, 25-28, 32-44.)

## DISCUSSION

### A. Motions seeking reconsideration

The Court liberally construes the motions to "halt" the auction and "vacate orders" as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), motion for reconsideration under Local Civil Rule 6.3, and a motion for relief from a judgment or order under Fed. R. Civ. P. 60(b) *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him") (citations omitted). After reviewing the arguments in Plaintiff's submissions, the Court denies the relief Plaintiff seeks.

### 1. Motion to Alter or Amend the Judgment under Fed. R. Civ. P. 59(e)

A party who moves to alter or amend a judgment under Fed. R. Civ. P. 59(e) must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted).

A motion filed under Fed. R. Civ. P. 59(e) "must be filed no later than 28 days after the entry of the judgment." *Id.*

Plaintiff has failed to demonstrate that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action. She does not provide any arguments suggesting that the Court erred in dismissing the amended complaint for the reasons it did. She simply reiterates her claims of fraud and "void orders" and demands for this Court's intervention in the state-court matter and in a bankruptcy matter. The Court therefore denies Plaintiff's motion under Fed. R. Civ. P. 59(e).

## 2. Motion for Reconsideration under Local Civil Rule 6.3

The standards governing Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509 (discussion in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)). Thus, a party seeking reconsideration of any order under Local Civil Rule 6.3 must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509.

A motion brought under Local Civil Rule 6.3 must be filed within 14 days "after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within . . . (14) days after the entry of the judgment." *Id.*

For the reason discussed above, Plaintiff has failed to demonstrate that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action. The Court therefore denies Plaintiff's motion under Local Civil Rule 6.3.

## 3. Motion for Reconsideration under Fed. R. Civ. P. 60(b)

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

4

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

### B.    Motion for leave to proceed IFP on appeal

The Court denies Plaintiff's request to proceed IFP on appeal. Nothing in this order prevents Plaintiff from seeking permission from the Second Circuit to proceed IFP on appeal, following the electronic transmission of this action to that court.

### CONCLUSION

The Court denies Plaintiff's motion for reconsideration (ECF 47, 49). The Court denies Plaintiff's request to proceed IFP on appeal. (ECF 48.) The clerk's office has electronically transmitted Plaintiff's appeal to the Second Circuit, and nothing in this order prevents Plaintiff from seeking permission from the Second Circuit to proceed IFP on appeal. The Clerk of Court is directed to terminate all motions in this action.

This matter is closed. If Plaintiff persists in filing documents in this case, she may be ordered to show cause why she should not be barred from continuing to do so. *See* 28 U.S.C. § 1651.

SO ORDERED.

Dated:   September 22, 2025
         New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.